Albert R. Killips and Marcia F. Killips v. Commissioner.
Killips v. Commissioner
Docket No. 95229.
United States Tax Court
T.C. Memo 1963-177; 1963 Tax Ct. Memo LEXIS 163; 22 T.C.M. (CCH) 845; T.C.M. (RIA) 63177; June 27, 1963
Albert R. Killips, pro se - 729 Bush St., Anaheim, Calif., Roger Rhodes, for the respondent. FAY
Memorandum Findings of Fact and Opinion FAY, Judge: The respondent determined a deficiency in the petitioners' income tax for the year 1959 in the amount of $68.45. The only issue for decision is whether the petitioners are entitled to deduct as business expenses under section 162 of the Internal Revenue Code of 1954 expenditures related to certain courses in school administration taken by Albert. Findings of Fact Some of the facts are stipulated and are found as stipulated. The petitioners are husband and wife and reside at 3015 West Camile Street, Santa Ana, California. They filed their joint Federal income tax return for the year 1959 on the cash basis with the district director of *164 internal revenue, Los Angeles, California. Marcia is a party to this proceeding only because the petitioners filed a joint return and thus, when the term "petitioner" is used it will refer to Albert. Albert was, at all times relevant to this proceeding, employed by the Santa Ana Unified School District. Since 1958 he taught principally two subjects, ninth grade civics and eighth grade American history. However, since that time he has also taught courses in driver education, English and geography. When Albert took his undergraduate work leading to the receipt of his bachelor's degree, he majored in psychology. Thereafter, when he decided to become a teacher it was necessary for him to acquire 30 units of credit in courses in education which qualified him for a "general secondary teaching credential." After he acquired this credential and began to teach, however, he decided that he should improve his teaching skills still further. Thus, from 1956 on he took courses both in the field of education and in the subjects he taught. At some time after he began to take these courses he realized that he should select courses with an educational objective, such as an advanced degree, in mind. *165 He decided, therefore, that he would work toward a master's degree in educational administration. During the calendar year 1959 Albert completed the following courses at Long Beach State College: Education 207.
Legal aspects of school administration
2 units
Education 208.
Financial aspects of school administration
2 units
Education 228.
Organization and administration of secondary schools
3 units
Education 232.
Supervision of instruction in secondary schools
3 units
In January 1960 the petitioner received the degree of Master of Arts in school administration from Long State Beach College. The State of California has authorized various schools within the State, among them Long Beach State College, to issue administrative credentials, subject to certain requirements. For the granting of an administrative credential, Long Beach State College requires 30 units of graduate credit, of which at least 18 units must be in the field of administration and supervision. The courses designated Education 207, 208, 228 and 232 are considered to be in the field of administration and supervision. In 1960, after he had obtained his master's degree, Albert applied *166 for and was granted an Elementary Administration credential. Possession of at least one of these credentials is essential to obtaining a permanent position as an administrator in the Santa Ana Unified School District. As of the date of the trial of this case, the petitioner had not received an appointment as an administrator with the Santa Ana Unified School District. The petitioners on their 1959 income tax return claimed deductions for educational expenses in the amount of $456.74. The respondent disallowed the portion of the expenses related to the courses in issue, which amounted to $342.24. The petitioner was not required by his employer to take any of the courses involved in this case as a condition to the retention of his salary, status or employment. Albert took the courses in issue primarily for the purpose of qualifying himself for a position as an administrator. Opinion The petitioner has not submitted a brief. However, it appears from the record that his first contention is that he is entitled to deduct the expenses of the courses in question because it was necessary for him to take courses to maintain his standing in his profession. Section 1.162-5(a)(2) of the Income Tax Regulations *167 provides that an employee may deduct the expenses of education if it is engaged in for the purpose "[meeting] the express requirements of a taxpayer's employer, or the requirements of applicable law or regulations, imposed as a condition to the retention by the taxpayer of his salary, status or employment." See Laurie S. Robertson, 37 T.C. 1153 (1962). Thus, in order to be entitled to a deduction on the grounds that education is required the requirement must be imposed by the employer or applicable law or regulations and must be necessary to the retention of an employee's salary, status or employment. Here the record shows that the petitioner was not required by his employer, by law, or by regulation, to take courses in order to keep his job. Therefore, the mere fact that Albert was expected by those associated with education to take additional courses would not entitled him to a deduction. The petitioner, we believe, also contends that he is entitled to a deduction because the courses were taken primarily to aid him in performing his job. Section 1.162-5(a) of the Income Tax Regulations also provides that expenses of education are deductible *168 if they are "undertaken primarily for the purpose of: (1) Maintaining or improving skills required by the taxpayer in his employment or other trade or business." While we believe that one of the purposes for which the petitioner began in 1956 to take additional courses was to help him in his position, it appears that the courses we are concerned with here did not further that purpose. Although the courses in issue may have had some connection with petitioner's employment, we believe that connection was relatively remote. We conclude that those courses were taken primarily to qualify Albert to become a school administrator. Thus, the expenses of those courses are not deductible. Arnold Namrow, 33 T.C. 419 (1959), affd. 288 F. 2d 648 (C.A. 4, 1961), certiorari denied 368 U.S. 914 (1961). Decision will be entered for the respondent.